HOUSTON & TEXAS CENTRAL R'Y. CO. vs. ELIZA HICKS.

IN THE SUPREME COURT, AUSTIN TERM, 1884.

*Evidence.*—In a suit against a railway company for damages for the negligent killing of the appellee's husband, the appellee, in order to show the unsound condition of the engine before the explosion, was permitted to prove by a witness that just after the explosion he heard the engineer say that he had "stopped twice since he left Houston to come to Dallas on that trip to plug the engine to prevent explo-

sion; that he was d—d glad it had exploded, and that he got off the engine as soon as it stopped, expecting it to explode " *Held*, under the rule laid down in 2 Whar. on Ev. 1174, inadmissible, because relating to an event that had passed, and as not serving to explain any act or thing done to cause the explosion. See the opinion for an elaboration of the doctrine, and for a collection of authorities upon this subject.

Appeal from Dallas county.

### OPINION.

It is assigned as error that the court "erred in permitting evidence of the declarations of the engineer as to the condition of the loco-motive on the trip before the explosion; said declarations made af-ter the explosion, over the objection of the defendant."

Dr. Momand, a witness for the plaintiff testified that he was on the spot of the disaster within five minutes after its occurrence. That when he reached there the engineer with three or four other persons were standing near the wreck talking about the explosion. The witness was asked by plaintiff's counsel what it was that the en-gineer said about the cause of the explosion; the defendant objected to the question and to the answer because it was heresay and incom-petent evidence, and that the defendant could not be bound by the engineer's declarations.

The objection was overruled by the court, and the witnesss testi-fied that he at that time heard the engineer state that "he had stop-ped twice since he left Houston to come to Dallas on that trip to plug the engine to prevent explosion; and said he was damned glad it was exploded." Said further that "he got off of the engine as soon as it stopped; he was looking for it to explode."

The rule of evidence applicable to the question here presented is thus stated by Wharton: "The statements, as well as the conduct of an agent during the performance of a tort, are imputable to the principal, as part of the *res gestae*; wherever the tort is so imputa-ble. Thus, the admissions of a captain of a steamer, as to damages of crops on shore by fire from the steamer, made while she was run-ning under the command, and at the time the fire was communica-ted, are evidence against the owners who employed him; and so of the admissions of the captain of a vessel at the time of carrying off a slave; and of the declarations of the servants of a railroad company at the time of a collision; and of the admissions of the servants of a

common carrier during the period of the carrying, if such admissions are not narratives of a past act, and are therefore, the act itself talking, not a talking about the act. If made after there has been an interval, giving time for reflection, then unless the agent be over-powered to speak for the company at such time, statements of the agent, explaining or even admitting the act, cannot be received, though he continues in the company's employment." (2 Warton on Evidence, sec. 1174.)

The declarations of the engineer were sought to be used to establish the fact of unsoundness, and consequently, the unfitness and dangerous condition of the defendant's engine, when the explosion occurred. The question asked, and the answer that was given related to an act or transaction that had already transpired, and the facts stated by the engineer did not serve to illustrate or explain any act or thing done which caused the explosion; they were merely narrative or circumstances of facts which had existed preceding the explosion which, as such, were calculated to account for the explosion, and to show that he had anticipated the danger which actually resulted.

Therefore as admissions made by the defendants servant, they were not admissible to bind the defendant. Hearsay evidence is admissible when it is part of a transaction, but not where it is merely narrative of it.

"The *res gestae*," says Mr. Wharton, "may be defined as those circumstances which are the undersigned incidents of a particular litigated act, and which are admissible when illustrative of such act." (1 War. Ev. sec. 259.)

A narrative of past events, however cannot be introduced as part of the *res gestae*. (Ib. § 261. See also, Felt vs. Amidon, 43 Wisc. An abstract of the point decided by it is to be seen in note 4, 1 Whart. Ev. § 255.) The declarations made by the engineer, although made almost immediately after the explosion, related to facts that were not otherwise connected with the transaction under investigation, than as narrative of the preceding facts occurring before the explosion, which, if true, would serve to explain its cause, viz: The dangerous condition, and unsoundness of the engine.

Whether the statements which the engineer made were true or not, rested upon the credibility to be attached to his recitation of

the facts thus made by him, not under oath. In the case of McGowen vs. McGowen, 52 Texas, 664, the opinion quotes with approval from the opinion in 9, Cush. 41 as follows: "If a declaration has its force, by itself, as an abstract statement, detached from any particular fact in question, depending for its effect on the credit of the person making it, it is not admissible in evidence.

Such a declaration would be hearsay. * * * But when the act of a party may be given in evidence, his declarations made at the time, and calculated to elucidate and explain the character and quality of the act, and so connected with it as to constitute one transaction and so as to derive credit from the act itself, are admisble in evidence.

The credit which the act or fact gives to the accompanying declarations as a part of the transaction, and the tendency of the contemporary declarations as a part of the transaction, to explain the particular fact distinguish this class of declaration from mere hearsay." Applying the above rule to the question of the admissibility of this evidence, we think the court erred in admitting it.

The other grounds of error relied on in the brief of appellant's counsel need not be considered. For the error indicated in the opinion, the judgment will be reversed and the cause remanded.

Report of Commissioners of Appeals examined, their opinion adopted, and the judgment reversed and the cause remanded.

Reversed and remanded on report of Walker, Presiding Commissioner.